## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. MICHAEL FLANERY,

    Plaintiff

v.

GABRIEL DECANDIDO, M.D.
and GABRIEL DECANDIDO, M.D., P.A.,

    Defendants
_____/

Case No. 8:05-CV-70-T-27MAP

Filed Under Seal Pursuant to
31 U.S.C. §3730(b)(2) – Do Not Place In
Press Box or Enter on Publicly Accessible
System

### FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

1. Michael Flanery ("Relator") brings this action on behalf of the United States of America against Defendants Gabriel DeCandido, M.D., and Gabriel DeCandido, M.D., P.A., for treble damages and civil penalties for the Defendants' violations of the False Claims Act, 31 U.S.C. §3729 *et seq.*

2. As required by the False Claims Act, 31 U.S.C. §3730(b)(2), the Relator has provided previously to the Attorney General of the United States and to the United States Attorney for the Middle District of Florida a statement of all material evidence and information related to the complaint. This disclosure statement is supported by material evidence known to the Relator establishing the existence of Defendants' false claims. Because the disclosure statement includes attorney-client communications and work product of Relator's attorneys, and is submitted to the Attorney General and to the United States Attorney in their capacity as potential co-counsel in the litigation, the Relator understands this disclosure to be confidential.


$150.00
T# 30663

## Jurisdiction and Venue

3. This action arises under the False Claims Act, 31 U.S.C. §3729 *et seq*. This Court has jurisdiction over this case pursuant to 31 U.S.C. §1345 and 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 31 U.S.C. §3732(a), because the acts proscribed by 31 U.S.C. §§3729 *et seq*. and complained of herein took place in this District, and is also proper pursuant to 28 U.S.C. §1391(b) and (c) because at all relevant times Defendants transacted business in this District.

## Parties

5. Relator Michael Flanery worked for Defendants as a patient accounts representative between August 2002 and February 2004. Mr. Flanery brings this action based on his direct, independent and personal knowledge and also upon information and belief.

6. Gabriel DeCandido, M.D., is an internist who operates Ulmerton Clinic under Gabriel DeCandido, M.D., P.A., located at 8005 Ulmerton Road, Largo, Florida 33771. Dr. DeCandido also treated patients at nursing homes, adult living facilities, and hospitals. Dr. DeCandido's Medicare number is 62385C. Approximately 80 percent of the patients treated at Dr. DeCandido's office, and almost all of the patients treated at the nursing homes, were Medicare beneficiaries. Many of the nursing home patients also were Medicaid recipients. Dr. DeCandido's Medicaid number is 068744800.

## Medicare and Medicaid Program Requirements

7. The Medicare and Medicaid programs will reimburse physicians only for the level of service actually performed by the person who actually performed that service.

8. The Medicare and Medicaid programs requires participating physicians to maintain

true and accurate records supporting the legitimacy of claims submitted for reimbursement, which includes truthful diagnoses which support reimbursement claims.

## Count I: Presenting and Causing to Be Presented False Claims In Violation of 31 U.S.C. §3729(a)(1)

9.  Relator realleges and incorporates by reference paragraphs 1 through 8.

10. From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing office visits to be upcoded. For example, Defendants routinely caused visits which should have been billed under procedure code 99204 to be billed under procedure code 99205, caused visits which should have been billed under procedure code 99213 to be billed under procedure code 99214, and caused visits which should have been billed under procedure code 99214 to be billed under procedure code 99215. In addition, Defendants caused visits to be billed at higher levels than they should have been based on the limited amount of time Dr. DeCandido spent with the patient. For example, patient visits exclusively to draw blood for blood tests were billed as a minimal established visit under procedure code 99211.

11. From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing hospital visit charges to be upcoded. For example, Defendants routinely caused hospital visits which should have been billed as a midlevel followup hospital visit under procedure code 99232 to be billed as a high level followup hospital visit under procedure code 99233. In addition, Defendants routinely caused

hospital discharges which should have been billed as a discharge under 30 minutes under procedure code 99238 to be billed as a discharge of over 30 minutes under procedure code 99239.

12. From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing Freedom Village patients to be billed automatically for "High New Home" visits regardless of the amount of time those visits actually took.

13. From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing services provided by nurses and ARNPs to be billed as if they had been performed by physicians.

14. From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing claims to be submitted for services never actually performed by ARNP Dominic Willis.

15. From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing claims to be submitted for visits to hospital and nursing home patients by Dr. DeCandido which Dr. DeCandido never actually performed.

16. From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare

and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing claims to be submitted for diagnostic tests such as electrocardiograms which were never actually performed.

17.     From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing nursing home visits to be billed according to a pre-set sequence of charges rather than according to the actual length of the visit and medical complexity involved.

18.     From at least June 2001 to at least February 2004, Defendants routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. §3729(a)(1) by causing claims to be submitted which contained diagnosis codes that Dr. DeCandido selected from a list of diagnosis codes generally reimbursed by the Medicare and Medicaid programs rather than the codes selected by the physician who had actually seen the patient.

19.     Examples of the types of false claims submitted by the Defendants include:

| Patient Initials | Date of Service | Program | Falsity |
| --- | --- | --- | --- |
| O.P. | 10/22/03 | Medicare | Procedure code billed as 99205 rather than 99204 |
| P.K. | 10/21/03 | Medicaid | Procedure code billed as 99205 rather than 99204 |
| O.C. | 01/12/04 | Medicare | Procedure code billed as 99215 rather than 99214 |
| R.A. | 01/12/04 | Medicaid | Procedure code billed as 99215 rather than 99214 |
| L.W. | 01/12/04 | Medicaid | Procedure code billed as 99215 rather than 99214 |
| A.O. | 10/07/04 10/10/04 | Medicare | Procedure code billed as 99233 rather than 99232 for hospital visits; procedure code for discharge billed as |

5

    10/11/04      99238 rather than 99239

WHEREFORE, Relator respectfully request this Court enter judgment against Defendants and order:

  (a)  That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false and fraudulent claims alleged within this Complaint, as the Civil False Claims Act, 31 U.S.C. §§3729 *et seq.* provides;

  (b)  That civil penalties of $11,000 be imposed for each and every false and fraudulent claim that Defendants presented to the United States;

  (c)  That pre and post-judgment interest be awarded, along with reasonable attorneys' fees, costs and expenses which the Relator necessarily incurred in bringing and pressing this case;

  (d)  That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act violations for which redress is sought in this Complaint;

  (e)  That the Relator be awarded the maximum amount allowed pursuant to the False Claims Act; and

  (f)  That this Court award such other and further relief as it deems proper.

### Demand for Jury Trial

Relator, on behalf of himself and the United States, demands a jury trial on all claims alleged herein.

                Respectfully submitted,

                */s/ Barry A. Cohen*
                BARRY A. COHEN, ESQ.
                Florida Bar No. 096478
                TODD FOSTER, ESQ.
                Florida Bar No. 0325198
                KEVIN J. DARKEN, ESQ.
                Florida Bar No. 0090956
                Cohen, Jayson & Foster, P.A.
                201 E. Kennedy Boulevard, Suite 1000
                Tampa, FL  33602
                (813) 225-1655; (813) 225-1921 - Fax
                Attorneys for Relator